Whitlock, J.
The first question here is, whether this relief be a duty? There is a remedy, for it is expressly *96 said the relief is due upon every alienation; and for what is due by custom (as it is by tenure) distress lies. As in 11 H. 4. There is no doubt but a relief may be levied by distress, for it is a part of the tenure and admitting the contrary: yet there is a sufficient consideration. And if there be two considerations, and one of them be meritorious, it is well enough. With regard to the last exception, viz. the means of making it appear, that, &c. 1. Respecting the rent, &c. he makes it appear by presentment; and the tenants are the proper inquisitors to ascertain what is due to the lord. 2. As to the relief, rotuli curiæ are the proper evidence. And this is not due by law, but by tenure sand the custom *of the manor. I do not know how he could have made it appear more plainly. Besides if this was not sufficient, the other ought to have demurred; but he has confessed the action.
Jones, J.
This is not properly a relief, for that ought to be on the death of the party. But there the relief is something growing due by custom or the reservation of the party. 11 H. 4. In Wales and Cornwall it is due by custom; and if it be due by custom distress lies; for the custom ought to maintain the remedy. Mantlies case in Plowden. In the book of 14 H. 4. there is no resolution in point; for heriot custom distress does not lie without custom; but seizure only. In this case both lie. He says that the land was held of him, &c. by sealty, &c. relief quando acciderit secundum confuctud. manerii: so there is a remedy, for there is a tenure. But he ought to prove both that the land is charged, and that the relief is due, viz. in point of tenure. With regard to the other point: he has made it appear well enough; besides the other has confessed it.
Doderidge, J.
All the books agree that relief is no part of the tenure; but an incident thereto; therefore debt lies for it: and the question now is, whether it be alledged as an incident to the tenure, or something due by custom; and this cannot be resolved on the face of the declaration. If it be a custom, he ought to alledge the means of recovering it; as for a heriot by tenure, he may distrain or seize, but for a custom he cannot distrain without distress be given also by custom, as in Godfrey’s case: and here the remedy ought to be alledged. There are two considerations: and if he fails in one (as he fails here in the relief) you cannot expect the performance of the promise, which is made in consideration of both. 10 Eliz. Dyer. 6 H. *97 7. 10. An accord is entire. In this case, although, the defendant has confessed the action, yet he may shew to the court, in arrest of judgment the defects of the declaration to prevent error; and we are not barred. In respect to the manner in which he makes it appear that the rent and relief are due; it is in his imagination only; and the court rolls are no proof to us.
Crew, C. J.
I take this distinction: If the words be that he ought to make it appear to the man; then he makes him the judge, whether relief be due or not; and it is sufficient if he makes it appear to his brothers, viz. the tenants. And this is the best means to do it. But if the words be that he ought to prove that the land is chargeable with the rent, and that relief is due, the proof ought to be by action. 7 H. 2. Fitz. Barr. 241. 19 and 15 E. 4. Sed adjournatur, postea, p. 129. Jones 132. Bendl. 180. *3 Bulstr. 323. Roll. 370. 1 Cr. 681.